UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DWIGHT FRAME, | CASE NO. 1:05CV2049 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| | **OPINION AND ORDER** |
| WELTMAN, WEINBERG & REIS, et al. | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (ECF DKT #10) of Defendant Discover Bank/Discover Financial Services ("Discover") to Dismiss and the Motion (ECF DKT #15) of Plaintiff Dwight Frame for Summary Judgements (*sic*) and Hearing Date Other (*sic*) Punitive Damages. For the reasons that follow, the Motion of Defendant Discover to Dismiss is granted and the Motion of Plaintiff for Summary Judgment is denied.

### I. BACKGROUND

In his *pro se* Complaint, Frame alleges that he was embarrassed, humiliated, intimidated and defamed by Weltman, Weinberg & Reis ("Weltman") and Discover through their conduct in recovering a debt owed by Frame to Discover for past due charges on his

credit card. He also alleges violations both of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the Consumer Sales Practices Act, Ohio Revised Code §1342.02(A) ("CSPA"). Discover moves for dismissal on the grounds that it is not an entity governed by the FDCPA nor by the CSPA; and that statements and communications made in the course of judicial proceedings are privileged. Plaintiff Frame's Motion for Summary Judgment does not satisfy the requirements of Fed. R. Civ. P. 56 and simply repeats his request for judgment and prayer for damages.

## II. LAW AND ANALYSIS

### STANDARDS OF REVIEW

#### Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint, and is designed to determine "whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988). For purposes of the motion, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Roth Steel Products v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *Conley v. Gibson*, 357 U.S. 41, 45-46 (1957). If no set of facts can be proved consistent with the allegations in the complaint, then the "claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490

U.S. 319, 327 (1989).

## Motion for Summary Judgment

A summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See, Fed. R. Civ. P. 56(c).* The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to come forward with evidence showing that there is a genuine issue for trial. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## Discover's Motion

The FDCPA prohibits inappropriate communications, harassing, oppressive or abusive behavior, and false or misleading representations by "debt collectors." 15 U.S.C. §1692c-e. A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). The term "debt collector" does not include: "[A]ny officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor. . ." 15 U.S.C. §1692a(6)(A).

Plaintiff Frame, himself, alleges that his Complaint concerns a debt owed to Discover. As a matter of law, the FDCPA does not apply to creditors, their employees or officers, or their affiliates. Further, a creditor cannot be held vicariously liable under the FDCPA for the

alleged acts of debt collector it hires. *Tobias v. Eagle,* 127 F. Supp. 2d 889, 898 (S.D. Ohio 2001). Therefore, the FDCPA claims are dismissed as against Discover.

Under the CSPA, "no supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." O.R.C. §1345.02(A). A supplier is defined as " a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." O.R.C. §1345.01(C). In the Sixth Circuit, financial institutions, like Discover, are not suppliers and, thus, are not governed by the CSPA. That is, because credit card companies lend money when they extend credit, they qualify as financial institutions and are <u>not</u> suppliers under the CSPA. *Lewis v. ACB Business Services, Inc.,* 135 F. 3d 389, 412 (6th Cir. 1998). In addition, transactions between financial institutions and their customers, like the ones at issue here, are explicitly exempt from the restrictions and prohibitions of the CSPA. O.R.C. 1335.01(A); §5725.01(A). The CSPA, then, is not controlling in circumstances surrounding the extension of credit; so, the CSPA claims are also dismissed as against Discover.

Viewing Frame's Complaint liberally, he also alleges (though not with the specificity the civil rules require) defamation against Weltman and Discover because of the embarrassment and humiliation he suffered as the result of the collection process. Statements made in the context of judicial proceedings are privileged; and liability does not lie against Discover, nor against Weltman, Discover's law firm. *Bigelow v. Burmley,* 138 Ohio St. 574 (1941).

**<u>Frame's Motion</u>**

On March 29, 2006, Plaintiff Frame filed a document entitled, "Motion for Summary

-4-

Judgements (*sic*) and Hearing Date Other (*sic*) Punitive Damages." Even a liberal reading reveals that Frame has failed to meet his initial burden under Fed. R. Civ. P. 56 of showing the absence of a genuine issue of material fact as to his claims. Rather, his "motion" itemizes again the compensatory and punitive damages he seeks. The "motion" of Plaintiff Frame is, therefore, denied.

### III. CONCLUSION

Based upon the applicable law and relevant arguments, the Motion of Defendant Discover Bank/ Discover Financial Services to Dismiss is granted and the Motion of Plaintiff Dwight Frame for Summary Judgements (*sic*) is denied.

**IT IS SO ORDERED.**

DATE: 5/12/06

*Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**